# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAMONTE DIXON, Jr. (K-96013),<br>    Plaintiff,<br><br>    v.<br><br>C/O ROBINSON,<br>    Defendant. | Case No. 09 C 4979<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Lamonte Dixon ("Plaintiff"), an Illinois prisoner currently incarcerated at Stateville Correctional Center (prisoner number K-96013), filed a 42 U.S.C. § 1983 action against Stateville Correctional Officer Robinson ("Defendant"). Plaintiff alleges that Defendant acted with deliberate indifference to Plaintiff's safety when Defendant allowed Plaintiff to shower with inmates who were in protective custody while Plaintiff was in temporary confinement. Plaintiff was attacked by another inmate in the shower. Defendant has filed a motion to dismiss the complaint. Plaintiff has filed a response. For the following reasons, the court grants the motion to dismiss and dismisses this case with prejudice.

## I.    STANDARD OF REVIEW

When considering a motion to dismiss, this court assumes all well-pleaded allegations are true and views the alleged facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits of its claims, or determine a plaintiff's ability to succeed on his claims. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). Under the notice pleading requirement, a complaint need only state a federal claim and provide the defendants with sufficient

notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations of a complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

## II. FACTS

Viewing the pleadings in a light most favorable to Plaintiff, he alleges the following. On September 11, 2008, he was in protective custody at Stateville. (R. 19, Pl.'s Response to Motion to Dismiss at 1-2.) While in protective custody, he received a disciplinary ticket for not following a direct order (Plaintiff failed to "pair up," *i.e.*, he did not get in line properly to go to the prison dining hall). As a result, he was placed on temporary confinement, also known as "deadlock." Because Plaintiff was on deadlock, he was not supposed to shower with other inmates.

At a time when other inmates in protective custody were supposed to shower, Officer Robinson (Defendant) came to Plaintiff's cell to let his cellmate go to the showers. Defendant asked Plaintiff why he was on deadlock. Plaintiff replied that he had been disciplined for not "pairing up." Defendant nevertheless allowed Plaintiff to shower at that time with other protective custody inmates. Plaintiff was assaulted by another inmate in the shower. During the fight, Plaintiff slipped and split open his eyebrow on the shower floor. Officers broke up the fight, and told

Plaintiff to wash off his eyebrow and to return to his cell. (R. 19, Pl.'s Response at 2-3; R. 1, Complaint at 4-5.)

Defendant visited Plaintiff in his cell to check on his injury. Defendant asked Plaintiff why he was fighting in the shower, especially since Plaintiff knew that he was not supposed to be there because he was on deadlock. (R. 1, Complaint at 5.) Defendant sent Plaintiff to the health care unit for treatment. (*Id.*; R. 19, Pl.'s Response at 2-3.)

The Health Care Unit informed Plaintiff that the gash was too big to simply bandage and that stitches were required, which could not be provided until a doctor was present. Plaintiff returned to his cell, but Defendant later sent Plaintiff back to the Health Care Unit when Plaintiff's cut began to bleed. (R.1, Complaint at 5-6.) Plaintiff states that he later filed grievances about the above events, but received no response. (*Id.* at 6-8.)

### III. ANALYSIS

Defendant contends that: (1) to the extent that Plaintiff is suing him in his official capacity, the Eleventh Amendment bars the suit, and (2) to the extent that Plaintiff is suing him in his individual capacity, Plaintiff fails to state a valid claim. (R. 11, Motion to Dismiss at 3-8.)

#### A. Official Capacity Claim

In his complaint, Plaintiff states that he is suing Defendant in both his official and individual capacities. (R. 1, Complaint at 9). Nevertheless, in his response to the motion to dismiss (R. 19, Plaintiff's Response at 5), Plaintiff correctly concedes that he has not stated a valid claim against Defendant in his official capacity. *See Klebanowski v. Sheahan,* 540 F.3d 633, 637 (7th Cir. 2008) (a § 1983 suit against an officer in his official capacity is the same as a suit against the government entity for which he works, so a viable § 1983 claim against a prison is generally based on an

unconstitutional custom or policy, which Plaintiff does not allege).  Moreover, Plaintiff's allegations, as described above, clearly demonstrate that he is attempting to assert claims against Defendant in his individual capacity.  (R. 1, Complaint at 4-6).  Accordingly, to the extent Plaintiff's complaint seeks to assert an official capacity claim against Defendant, that claim is dismissed with prejudice.

> B.  **Deliberate Indifference to the Risk of Injury**

Read broadly, Plaintiff's allegations against Officer Robinson in his individual capacity assert claims of deliberate indifference to Plaintiff's safety and his resulting medical needs.  To state a failure to protect claim, a plaintiff must allege that he faced a serious risk of harm and that the defendant knew of the risk yet disregarded it.  The excessive risk to safety prong is objective (*i.e.*, the risk must objectively be sufficiently serious), while the deliberate indifference prong is subjective (*i.e.*, the defendant must have actual knowledge of a serious risk of harm and fail to take reasonable steps to abate it).  *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008); *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004).

Neither negligence nor even gross negligence is sufficient to establish § 1983 liability.  Rather, the officer's actions must be intentional or criminally reckless.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Borcello v. Allison*, 446 F.3d 742, 747-48 (7th Cir. 2006).  The relevant inquiry is whether prison officers actually knew of the serious danger the plaintiff faced, not whether a reasonable official should have known.  *Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999).

Here, Plaintiff alleges that he was in protective custody but that, because he had disobeyed an order and was on temporary confinement or "deadlock," he was not supposed to shower with other protective custody inmates for a period of time.  Defendant allegedly allowed or directed

Plaintiff to shower with other protective custody inmates, as opposed to following the rules relating to his "deadlock" status. Plaintiff does not allege that showering with other protective custody inmates was a known risk to his safety. Rather, he alleges that Defendant should have not allowed him to shower with other protective custody inmates solely because he was on "deadlock" status. (R. 1, Complaint at 4-7; R. 19, Pl.'s Response at 2, 7-9.) Plaintiff clarifies in his response to the motion to dismiss that his suit is premised on Defendant's failure to "follow institutional rules" and because he "disregarded the segregational [sic] standards and protocol." (R. 1, Pl.'s Response at 8-9.) However, the failure of a prison officer to follow prison rules, by itself, does not establish a constitutional violation. *Fuller v. Dillon*, 236 F.3d 876, 880 (7th Cir. 2001).

Plaintiff's allegations demonstrate neither an objectively serious risk of injury, nor deliberate indifference by Defendant. Thus, to the extent Plaintiff seeks to allege a failure-to-protect claim, the claim is dismissed. Furthermore, given the allegations of the complaint, and Plaintiff's elaboration of his claims in his response, it is clear that allowing an amended complaint for this claim would be futile. *See Crestview Village Apts. v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004) (a court need not permit a party to amend a complaint where the amendment would be futile). Accordingly, Plaintiff's claim that Defendant acted with deliberate indifference when he directed or allowed Plaintiff to shower with other protective custody inmates in violation of the rules of Plaintiff's "deadlock" status is dismissed with prejudice.

C. **Deliberate Indifference to a Serious Medical Need**

The court next considers whether Plaintiff has alleged a claim for deliberate indifference to a serious medical need based on the events following the injury sustained in the fight in the shower. Like a failure-to-protect claim, to establish a constitutional violation for failing to provide medical

care, a plaintiff must allege that the defendant was deliberately indifferent to a substantial risk of harm. *See Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000) (*citing* Farmer, 511 U.S. at 837). This standard requires the plaintiff to establish that: (1) his medical condition was objectively serious, and (2) the defendant was actually aware of the serious medical condition but disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). An inmate need not show that the officer completely ignored the inmate's medical needs, so demonstrating that the officer's response was "so plainly inappropriate" may be enough to "permit the inference that the [officer] intentionally or recklessly disregarded [the inmate's] needs." *Id.* at 524. With respect to a non-medical officer, the officer usually is not liable once he refers the inmate to a medical expert for attention, as the officer "will generally be justified in believing that the prisoner is in capable hands." *Id.* at 526; *see also Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005).

In his response to the motion to dismiss, Plaintiff does not address these standards. Instead, he reiterates that his claim is based on his allegation that Defendant "breach[ed] institutional security" by allowing Plaintiff to shower with other inmates and asserts that the chronology of events stated in his complaint supports such a claim. (R. 19, Pl.'s Response at 8.) According to the complaint, after the shower incident, Defendant sent Plaintiff to the Health Care Unit. Plaintiff received only a butterfly bandage, as he was not able to receive stitches until a doctor arrived. (R. 1, Complaint, 5-6.) Assuming these allegations are true, Defendant responded to Plaintiff's injury in a manner that is not "plainly inappropriate." *See Hayes*, 546 F.3d at 524. Accordingly, Plaintiff's claim of deliberate indifference to his medical needs is dismissed with prejudice.

## IV. CONCLUSION

Even assuming that the facts alleged in the complaint are true, Plaintiff fails to state a claim for which relief may be granted against Defendant in either his official or individual capacity. Accordingly, Defendant's motion to dismiss [11] is granted, Plaintiff's complaint is dismissed with prejudice, and all other pending motions are denied. The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

ENTER: _____
Blanche M. Manning
United States District Judge

DATE: February 17, 2010